Ronald BRADLEY et al., Plaintiffs,

v.

William G. MILLIKEN, Governor of the State of Michigan, et al., Defendants.

Civ. No. 35257.

United States District Court,
E. D. Michigan, S. D.

May 17, 1977.

Louis R. Lucas, Ratner, Sugarmon & Lucas, Memphis, Tenn., Thomas I. Atkins, Boston, Mass., for plaintiffs.

George T. Roumell, Jr., Riley & Roumell, Theodore Sachs, Marston, Sachs, O'Connell, Nunn & Fried, Detroit, Mich., George L.

McCargar, Jr., Asst. Atty. Gen., Lansing, Mich., for defendants.

## MEMORANDUM AND ORDER

DeMASCIO, District Judge.

On August 28, 1975, this court ordered that teachers in the Detroit school system "shall be assigned to achieve a distribution of not more than 70% of teachers of one race in each school."[1] This order was thereafter appealed to the United States Court of Appeals for the Sixth Circuit. The Court of Appeals vacated our order and remanded this aspect of the case for an evidentiary hearing. We are in the midst of those hearings, and now have before us for consideration the Detroit Board of Education's oral motion that our August 28, 1975 order be reentered pending the outcome of these evidentiary hearings. The Board argues that the reinstatement of our August 28, 1975 order is essential to favorable consideration of its application for more than $12 million in federal aid pursuant to the Emergency School Aid Act (ESAA). The defendant Detroit Federation of Teachers and the Detroit Board have stipulated to the reentry of the August 28, 1975 order without prejudice to their ultimate positions on the issues now being considered. The plaintiffs, however, object contending that it would be improper for this court to reenter an order for the purpose of assuring federal aid to the school district after that order has been vacated by a higher court. They further contend that the court should not consider the entry of any order which does not comply with 45 C.F.R. § 185.44(d)(3) providing that full-time minority teachers at each school reflect a ratio of 75% to 125% of the proportion of such teachers system-wide. We have concluded, however, that the reentry of our August 28, 1975 faculty assignment order is not necessary to insure approval of the Detroit Board's ESAA application, and, thus, we do not reach the issues raised by the plaintiffs.

On August 15, 1975, we entered a remedial decree detailing the guidelines for the desegregation of the Detroit city schools. *Bradley v. Milliken*, 402 F.Supp. 1096 (E.D.Mich.1975). In that opinion, we noted that the late Honorable Stephen J. Roth had concluded, as a matter of law, that neither the Detroit Board nor the Detroit Federation of Teachers was guilty of *de jure* acts of segregation in faculty assignments. This conclusion of law was affirmed on appeal and remains the law of the case. Nevertheless, the Detroit Board has voiced apprehension that absent a court order requiring faculty assignments, it will be denied ESAA funds because it is in compliance with our order now vacated rather than the parameters set forth in 45 C.F.R. § 185.44(d)(3). We note initially that 45 C.F.R. § 185.44(d)(3) is a regulatory provision for waiver of ineligibility. The 75% to 125% requirement, as provided for in that section, is a method of waiving ineligibility based on § 185.43(b)(2) which reads:

> No educational agency shall be eligible for assistance under the Act, if, after June 23, 1972, it has had or maintained in effect any other practice, policy, or procedure which results in discrimination on the basis of race, color, or national origin in the . . . assignment of any of its employees. . . .

The Detroit Board properly notes that the Secretary of Health, Education and Welfare has on two prior occasions applied these two sections in denying the Detroit Board's application for funds. But the fact remains that this court's finding that defendants were not guilty of *de jure* acts of faculty segregation has never been amended by a higher court and remains the law of the case. Thus, § 185.44(d)(3) is inapplicable to the Detroit Board. Indeed, were H.E.W. to apply this section, it would be tantamount to a review of the sufficiency of this court's finding with respect to faculty segregation which was not disturbed on appeal. Such action by H.E.W. would not be supported by the Act and would intrude

---

1. The circumstances that prompted our August 28, 1975 order are fully discussed in our Memo-randum Opinion dated January 21, 1977, 426 F.Supp. 929, 940 (E.D.Mich.1977).

dangerously upon the constitution's requirement of separation of power. *Robinson v. Vollert*, 411 F.Supp. 461, 472 and 475 (S.D. Texas, 1976).

■ Such a construction of the regulations would, moreover, render the regulations inconsistent with the statute. 20 U.S.C. § 1605(a)(1)(A) authorizes grants to school districts which are in the process of implementing a desegregation plan pursuant to a final court order requiring desegregation of minority group school children *or* faculty. ESAA does not enhance H.E.W.'s power to apply eligibility criteria above and beyond Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Under that Section, H.E.W. is bound by the findings of the courts. *Robinson v. Vollert, supra.*

■ In light of the various holdings of this court, sustained on appeal, we do not believe that H.E.W. will deny the Detroit Board's application for ESAA funding. *Cf.* our Memorandum Order, August 4, 1975. While not disagreeing with the view that H.E.W. may not deny its application, the Detroit Board, nevertheless, urges that our August 28, 1975 order be reentered to insure against delay. We have no reason to assume that there in fact will be any danger of delay. In the event H.E.W. denies the Detroit Board's application, the Board can join H.E.W. as a defendant and file a cross-claim for ESAA funding. To further insure that delay will not irreparably harm the Board, it could at the same time request a temporary restraining order or an order directed to H.E.W. requiring it to show cause why the funding should not be provided. We see no need for entry of a faculty assignment order at this time.

Accordingly, IT IS ORDERED that the Detroit Board's motion to reinstate the August 28, 1975 faculty reassignment order be and the same hereby is denied;

IT IS FURTHER ORDERED that the Detroit Board shall transmit a copy of this Memorandum and Order as a supplement to its application for ESAA funds.